UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **MR. JOHN DOE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | No. _____ |
| ) | |
| ) | Judge:_____ |
| **PHIL BREDESEN, Governor of the** ) | |
| **State of Tennessee,** ) | |
| **CHARLES M. TRAUGHBER,** ) | |
| **Chairman, Tennessee Board** ) | |
| **of Probation and Parole,** ) | |
| **RANDALL NICHOLS, District Attorney** ) | |
| **General for the 6th Judicial** ) | |
| **District, and** ) | |
| **MARK GWYN, Director of the** ) | |
| **Tennessee Bureau of Investigation** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Rule 10(a) of the Federal Rules of Civil Procedure states that in a complaint "the title of the action shall include the names of all the parties . . ." Although the Rules contain no explicit provisions authorizing the use of pseudonyms, the Supreme Court has implicitly recognized the use of pseudonyms and other federal courts have allowed plaintiffs to proceed under fictitious names to avoid social stigma or potential harm. See Smith v. Doe, 538 U.S. 84 (2003); Roe v. Wade, 410 U.S. 179 (1973); Doe v. Bolton, 410 U.S. 179 (1973).

United States District Courts often allow plaintiffs to protect their identity by proceeding as "John Doe" in cases of unusual sensitivity. In the Sixth Circuit, this is done with some regularity. E.g., Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004)(religious beliefs); Doe v. Roseville, 296 F.3d

431 (6th Cir. 2002)(alleged sexual abuse); Doe v. Bowles, 254 F.3d 617 (6th Cir. 2001)(prison abuse); Doe v. Wiggington, 21 F.3d 733 (6th Cir. 1994)(HIV infection); Doe v. Board of Education of Tullahoma, 9 F.3d 455 (6th Cir. 1993)(disabled student); Doe v. Cowherd, 965 F.2d 109 (6th Cir. 1992)(mental retardation); Doe v. Sullivan County, Tennessee, 956 F.2d 545 (6th Cir.1992)(prison sexual assault).

The decision whether to allow a plaintiff to proceed anonymously is left to the trial court's discretion. See Doe v. Porter, 370 F.3d 558, 560 (6th Cir. 2004). Courts which have examined the propriety of allowing "John Doe" plaintiffs to pursue litigation have generally found that the public's interest in an open judicial process must be balanced against the plaintiff's right to privacy. Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981), reh. denied, 659 F.2d 1075. While no court has set out a bright line test for the propriety of the "John Doe" procedure, the factors that courts examine in determining whether to allow plaintiffs to proceed without disclosure of their identity include the following:

    a. whether the plaintiff is challenging governmental activity;

    b. the nature of the plaintiff's interest, including the possibility of suffering injury as a result of disclosure;

    c. whether the plaintiff would be compelled to admit an intention to engage in illegal conduct, thereby risking criminal prosecution; and

    d. whether the defendant would be prejudiced by non-disclosure of the plaintiff's identity.

D od v. Porter, 370 F.3d at 560 citing Doe v. Stegall, 653 F.2d 180, 185-86 (5th Cir. 1981). See also

-2-

Doe v. Shakur, 164 F.R.D. 359, 364 (S.D.N.Y, 1996.[1]

Applying the above mentioned factors, the Court would be right to permit the Plaintiff to proceed as Mr. John Doe. Their privacy concerns would be irreparably damaged should his true identity be publicly disclosed, and his safety could well be threatened. Plaintiff fears that he, his wife and his minor children may be subjected to threats, harassment, social stigma and potential physical harm if their true names are revealed. Furthermore, the harm sought to be averted by the filing of the lawsuit would be exacerbated as Plaintiff John Doe would be compelled to admit that he is engaging in illegal conduct. Balanced against those important privacy interests, the public's interest in disclosure and the state's interest are relatively weak.

As the court noted in John Doe v. Blue Cross & Blue Shield, 794 F.Supp. 72 (D.R.I. 1992), matters of sexuality are among the most intimate parts of one's life. The court reasoned that these matters deserve weighty consideration when determining whether the plaintiff should be allowed to proceed anonymously: "The most compelling situations involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the cause of action would be severely hampered as a result of the disclosure of the plaintiff's identity." John Doe v. Blue Cross & Blue Shield, 794 F.Supp. at 74 (D.R.I. 1992)(allowing transsexual to proceed anonymously in claim against insurance company to recover costs for sex change operation. The substantial privacy interest overrode public interest in disclosure and no significant harm to defendant), quoting Doe v. Rostker, 89 F.R.D. 158, 162 (N.D.Cal.1981).

-3-

---

[1] See also Dougherty, "Propriety and Effect of Use of Fictitious Name of Plaintiff in Federal Court," 97 A.L.R. Fed. 369.

In Doe v. Stegall, 653 F.2d 180 (5th Cir. 1981), reh. denied, 659 F.2d 1075, the Fifth Circuit held that the plaintiffs, a mother and her two children who sought to enjoin routine daily religious activity in a county's public schools, should be allowed to proceed anonymously. The court identified the overriding factor as the need to shield the plaintiffs from public harassment. Similarly, the need to shield the Plaintiffs from public harassment is overwhelming in the instant case.

Even more important in this case is the very real danger of physical harm which was recognized in Rostker and Blue Cross as an important factor weighing in favor of anonymity. When individuals have been identified as prior sex offenders, there has been case after case of ostracism and even physical harm. See, e.g., Doe v. Pataki, 120 F.3d 1263, 1279 (2nd Cir. 1997) (noting "numerous instances in which sex offenders have suffered harm in the aftermath of notification–ranging from public shunning, picketing, press vigils, ostracism, loss of employment, and eviction, to threats of violence, physical attacks, and arson"); E.B. v. Verniero, 119 F.3d 1077, 1102 (3rd Cir. 1997) ("The record documents that registrants and their families have experienced profound humiliation and isolation as a result of the reaction of those notified. Employment and employment opportunities have been jeopardized or lost. Housing and housing opportunities have suffered a similar fate. Family and other personal relationships have been destroyed or severely strained. Retribution has been visited by private, unlawful violence and threats and, while such incidents of 'vigilante justice' are not common, they happen with sufficient frequency and publicity that registrant justifiably live in feat of them"). In the balancing test involved in this case, the potential danger to the plaintiff here outweighs all the other factors in the balancing test and justifies allowing the plaintiff's identity to be protected.

Allowing the plaintiff to proceed anonymously is particularly appropriate where there is no danger of prejudice to the defendant. <u>Doe v. United Services Life Ins. Co</u>, 123 F.R.D. 437, 439 (S.D.N.Y. 1988). Since this case involves purely an issue of law, the Defendants have no interest in knowing the name of the individuals who are challenging the application of these statutes. The Defendants can defend their interpretation of the constitutionality of the statutes regardless of who brings the challenge.

Based upon the foregoing standards, the Plaintiffs' privacy interests substantially outweigh any countervailing interest in disclosure of their identities, and the Plaintiff should be allowed to proceed as Mr. John Doe in this litigation.

Respectfully submitted this 1st day of March, 2006.

                                                                   s/Leslie M. Jeffress
LESLIE M. JEFFRESS
Attorney for Plaintiff
P.O. Box 2664
Knoxville, Tennessee 37901
(865) 540-1700
BPR #012328


s/Angela R. Morelock
ANGELA R. MORELOCK
Attorney for Plaintiff
1410 N. Broadway
Knoxville, Tennessee 37917
(865) 971-4330
GA Bar #521979

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing pleading was forwarded, by hand delivery, facsimile, and/or placing the same in the United States mail, with proper postage affixed thereon to:

>Robert E. Cooper, Jr.
>Legal Counsel
>Office of the Governor
>State Capitol G10
>Nashville, TN 37243
>
>Pamela E. Beck
>Staff Attorney
>Tennessee Bureau of Investigation
>901 R S Gass Blvd.
>Nashville, TN 37216
>
>Paul G. Summers
>Attorney General & Reporter
>425 Fifth Ave. N.
>P.O. Box 20207
>Nashville, TN 37202-0207
>
>Michael A. Meyer
>Assistant Attorney General
>425 Fifth Ave. N.
>P.O. Box 20207
>Nashville, TN 37202
>
>Randall E. Nichols
>District Attorney General
>400 Main Avenue, Suite 168
>P.O. Box 1468
>Knoxville, TN 37901-1468

This 1st day of March, 2006.

>s/Leslie M. Jeffress
>LESLIE M. JEFFRESS